UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE | ) | |
| COMPANY OF NEW YORK a/s/o | ) | |
| SERENITY LAKE SENIOR, LLC and | ) | |
| SERENITY LAKE SENIOR, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.  2:14-cv-55 |
| | ) | |
| SUPERIOR CONTRACTING | ) | |
| CORPORATION d/b/a AMERICAN | ) | |
| NATIONAL INSULATION, FIRE PROS, | ) | |
| INC., C.D. BARNES ASSOCIATES, INC. | ) | |
| and ECONOMIDES ARCHITECTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPERIOR CONTRACTING CORPORATION'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Plaintiffs' Complaint should be dismissed for two separate reasons.  First, Plaintiffs'

claims are barred by the waiver of subrogation clause contained in Serenity Lake Senior, LLC's

contract with the general contractor for the project, C.D. Barnes Associates, Inc. ("Barnes").[1]

Second, Plaintiffs' tort claims (Count II – Res Ipsa Loquitur and Count V – Negligence) are

barred by Indiana's economic loss doctrine.

Furthermore, Plaintiffs' claim for breach of implied warranty of workmanship (Count

VIII) fails, and should also be dismissed, because the Plaintiffs lack privity of contract with

Defendant Superior Contracting Corporation ("Superior").

---

[1] *See* Serenity/Barnes Contract for Serenity Lake project, attached hereto as Exhibit 2.  Although not attached to Plaintiffs' Complaint, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in a plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).  This exception is "aimed at cases interpreting, for example, a contract." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

USDC IN/ND case 2:14-cv-00055-PPS-JEM   document 22   filed 03/31/14   page 2 of 10

**FACTUAL ALLEGATIONS**

This lawsuit arises out of Plaintiffs', Great American Insurance Company of New York a/s/o Serenity Lake Senior, LLC ("Great American") and Serenity Lake Senior, LLC ("Serenity") (collectively the "Plaintiffs"), claims for damages allegedly sustained after a sprinkler pipe burst in the Serenity Lake Senior Independent Living Facility located in Gary, Indiana (the "Building"). *See* Complaint & Jury Demand at ¶¶ 2, 22-25, attached hereto as Exhibit 1. On or about June 11, 2010, Serenity contracted with Barnes to serve as the construction manager and/or general contractor for the construction of the Building (the "Serenity/Barnes Contract"). (Ex. 1 at ¶ 12; Ex. 2 at 7.) Barnes hired Fire Pros, Inc. ("Fire Pros") to serve as the sprinkler design-build subcontractor. (Ex. 1 at ¶ 13.) Barnes hired Superior to install insulation in the Building. (*Id.*)

On or about January 21, 2012, the temperature dropped below freezing and allegedly caused sprinkler pipes in the attic area to freeze and burst. (Ex. 1 at ¶ 22.) When the sprinkler pipe burst, large amounts of water discharged into the interior of the Building. (Ex. 1 at ¶ 23.) As a result of the water discharge, the Building "sustained water damage and sustained severe property damage…." (Ex. 1 at ¶ 24.) In addition to the property damage to the Building, Serenity alleges that it suffered "loss of business income, inconvenience and lost use of the property…." (*Id.*) Pursuant to a policy of insurance, Great American paid Serenity for property damage sustained by the water damage and became subrogated to certain rights of Serenity to seek recoupment of the amounts paid to Serenity for the property damage to the Building. (Ex. 1 at ¶ 25.)

2

## <u>LEGAL STANDARD</u>

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  The Supreme Court recently set out a two-pronged approach to applying this standard. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).  The first step is to identify the "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id*. at 1950.[2]  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 1949.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.*

Then, with the remaining allegations—the "well-pleaded factual allegations"—the court assumes their veracity and goes on to determine "whether they plausibly give rise to an entitlement to relief."  *Id.*  In this "context-specific task," the court sits not in a vacuum but "draw[s] on its judicial experience and common sense."  *Id*.  A complaint that has alleged—but "has not 'shown'—'that the pleader is entitled to relief'" is insufficient.  *Id*. (citing Fed. R. Civ. P. 8(a)(2)).  "[I]t is no longer sufficient for a complaint 'to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . .'"  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).  Thus, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Iqbal*, 556 U.S. at 1949.

---

[2] *See generally Tamari v. Bache & Co*., 565 F.2d 1194, 1199 (7th Cir. 1977), cert. denied, 435 U.S. 905, 98 S. Ct. 1450, 55 L.Ed.2d 495 (1978) ("mere unsupported conclusions of fact or mixed fact and law are not admitted" for purposes of testing trial court's dismissal of action under Rule 12(b)(6)).  Further, courts do "not accept conclusory allegations concerning the legal effect of the events plaintiff has set out if these allegations do not reasonably flow from his description of what happened, or if these allegations are contradicted by the description itself."  WRIGHT & MILLER, 5A FEDERAL PRACTICE AND PROCEDURE § 1357 (1990); *Mitchell v. Archibald & Kendall, Inc*., 573 F.2d 429, 432 (7th Cir. 1978) (court reviewing dismissal is not required to accept legal conclusions alleged).

## ARGUMENT

As shown in greater detail below, all of the Plaintiffs' claims fail as a matter of law, and therefore should be dismissed, with prejudice, pursuant to Federal Rule 12(b)(6).

**I.      All of Great American's Claims Are Barred by the Waiver of Subrogation Clause in the Serenity/Barnes Contract.**

Great American's interest in this lawsuit arises as Subrogee to Serenity for the amounts paid to Serenity for losses sustained due to the water damage to the Building.   However, the Serenity/Barnes Contract contains a "Waivers of Subrogation" clause, which bars Great American's subrogation claims against Superior as a matter of law.  *See* Ex. 2 at 38, § 11.4.7.

The "Waivers of Subrogation" clause states, in pertinent part:

11.4.7  Waivers of Subrogation.  The Owner and Contractor waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other and (2) the Architect, Architect's consultants, separate contractors described in Article 6, if any, and any of their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this Paragraph 11.4 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary.  The Owner or Contractor, as appropriate, shall require of the Architect, Architect's consultants, separate contractors described in Article 6, if any, and the subcontractors, sub-subcontractors, agents and employees of any of them, by appropriate agreements, written wherein legally required for validity, similar waivers each in favor of other parties enumerated herein.

*Id*.

Section 11.4.1 sets forth the requirement that Serenity purchase property insurance and states, in pertinent part:

11.4.1  Unless otherwise provided, the Owner shall purchase and maintain, in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located, property insurance written on a builder's risk "all-risk" or equivalent policy

> form in the amount of the initial Contract Sum, plus value of
> subsequent Contract modifications and cost of materials supplied
> or installed by others, comprising total value for the entire Project
> at the site on a replacement cost basis without optional deductibles.

*Id*. at 37.

Section 11.4.1.1 sets forth the type and scope of coverage Serenity was required to purchase and states, in pertinent part:

> 11.4.1.1 Property insurance shall be on an "all-risk" or equivalent
> policy form and shall include without limitation insurance against
> the perils of fire (with extended coverage) and physical loss or
> damage, including, without duplication of overage, theft,
> vandalism, malicious mischief, collapse, earthquake, flood,
> windstorm, falsework, testing and startup, temporary buildings and
> debris removal including demolition occasioned by enforcement of
> any applicable legal requirements….

*Id*.

Indiana courts enforce these provisions to bar subrogation claims, like those being asserted by Great American against Superior in this case. In *Midwestern Indemnity Co. v. Systems Builders, Inc*., the Court of Appeals relied upon the same waiver of subrogation clause at issue here in an action by an insurer seeking recoupment of insurance proceeds paid because of damage to an alleged negligently constructed building. 801 N.E.2d 661 (Ind. Ct. App. 2004). The court recognized that, in situations involving subrogation waivers, "the construction contract indicate[s] an 'intent to place any risk of loss on the Work on insurance,' and that the 'requirement of waivers, was consistent with an intent to place the risk of loss on insurance.'" *Id*. at 669.

Furthermore, the Court held that such waivers by their plain language extend to waive subrogation rights against not only the contractor, but also the subcontractors involved in the project. *Id*. at 670. Finally, the Court held that the waiver applied to all claims brought by a

subrogee, including claims for negligence. "Waiver does not depend on what theory, contract, warranty, or negligence, might be asserted to seek recovery for the damages caused by the [insured risk]. The waiver of subrogation does bar recovery for negligence." *Id*. at 672.

In this case, Plaintiffs' Complaint establishes that: (1) the Building sustained losses due to flooding, caused by the burst sprinkler pipe; (2) Great American's insurance policy with Serenity covers "physical loss or damage" to the Building for perils including, but not limited to, damage caused by flooding, by virtue of its payment of insurance proceeds to Serenity; and (3) Great American is seeking recoupment of the insurance proceeds it paid to Serenity for the damage caused by the flooding as subrogee. Therefore, Great American's cause of action is barred by the waiver of subrogation clause in the Serenity/Barnes Contract. Accordingly, the Court should dismiss Great American's claims in their entirety.

**II.      Plaintiffs' Tort Claims (Counts II & V) Are Barred by Indiana's Economic Loss Doctrine.**

Notwithstanding that Great American's claims are barred as a matter of law by Serenity's waiver of subrogation in the Serenity/Barnes Contract, Plaintiffs' negligence-based claims are also barred by the economic loss doctrine. Under Indiana law, "contract law governs damage to the product or service itself and purely economic loss arising from the failure of the product or service to perform as expected." *Indianapolis-Marion County Public Library v. Charlier Clark*, 929 N.E.2d 722, 731 (Ind. 2010) (quoting *Gunkel v. Renovations, Inc*., 822 N.E.2d 150, 153 (Ind. 2005)). The Indiana Supreme Court recognizes that "pure economic loss" means "pecuniary harm not resulting from an injury to the plaintiff's person or property." *Id*. Nevertheless, "damage from a defective product or service may be recoverable under a tort theory if the defect causes personal injury or damage to *other property*." *Id*. (emphasis in original.)

In determining whether there is damage to the "product" or to "other property," Indiana courts hold that "the 'product' is the product purchased by the plaintiff, not the product furnished by the defendant."  *Id*.  In *Indianapolis-Marion County Public Library v. Charlier Clark*, the plaintiff contracted for the complete renovation and expansion of a library and its underground parking structure.  *Id*. at 725.  After construction of the project had progressed significantly, the plaintiff became concerned about the structural integrity of the parking structure, which served as a foundation for the rest of the library structure.  *Id*.  The plaintiff preemptively took measures to cure the perceived defects in the structure's foundation, and then sued several subcontractors on the construction project to recoup the loss arising from the curative measures.  *Id*.  In finding that the plaintiff's claims related only to the "product" itself, the Indiana Supreme Court held:

> [h]ere the [plaintiff] purchased a complete refurbishing of its library facility from multiple parties.  The [plaintiff] did not purchase a blueprint from the Defendants, concrete from the materials supplier, and inspection services to ensure the safety of the construction project in isolation; it purchased a complete renovation and expansion of all the components of its facility as part of a single, highly-integrated transaction.  Thus, irrespective of whether Defendants' negligence was the proximate cause of defects in the design of the library facility, for purposes of the other property rule, the product or service that the [plaintiff] purchased was the renovated and expanded library facility itself.

*Id*. at 731.  Thus, the court held, where a defendant's product or service is an integral part of the construction project, and not independent from it, "[a]ny damages alleged to have resulted from the Defendants' negligence were to the 'product' the [plaintiff] purchased, not to 'other property.'  The economic loss rule applies."  *Id*. at 732.

Here, Serenity contracted for the construction of the Building as part of a "single, highly-integrated transaction."  An integral part of the Building's construction was the installation of insulation by Superior.  Plaintiffs' negligence-based claims against Superior allege that, because

of negligently performed insulation installation, the sprinkler pipe burst causing "severe property damage" to, and "loss of use" of, the Building.  Thus, according to the Indiana Supreme Court in *Indianapolis-Marion County Public Library*, the water damage allegedly arising from the insulation installation is damage to the "product" itself, and not damage to "other property."

Indeed, Plaintiffs' Complaint contains no allegations of personal injury or damage to "other property" so as to allow Plaintiffs' to maintain their tort claims against Superior.  On the contrary, Plaintiffs' merely allege losses sustained due to water damage to the Building, and other purely economic loss, such as loss of business income, inconvenience and lost use of the property.  Thus, the economic loss doctrine applies to bar Plaintiffs' tort claims against Superior.  Accordingly, the Court should dismiss Plaintiffs' negligence-based claims against Superior (Counts II & V).

### III.    Plaintiffs' Claim for Breach of Implied Warranty of Workmanship (Count VIII) is Barred Because Plaintiffs Lack Privity of Contract With Superior.

Plaintiffs' claim for breach of the implied warranty of workmanship fails because Serenity lacks privity of contract with Superior.  Under Indiana law, "in a contract for work, there is an implied duty to do the work skillfully, carefully, and in a workmanlike manner.  Negligent failure to do so is a tort, as well as a breach of contract."  *Homer v. Burman*, 743 N.E.2d 1144, 1147 (Ind. Ct. App. 2001).  However, before these duties may be imposed, a court must first find that a contract existed between the plaintiff and defendant.  *See id*.  It is undisputed that there was no contract between Serenity and Superior.[3]  As such, there is no duty owed by Superior to Serenity that Superior performs its services in a workmanlike manner.

---

[3] It is also undisputed that Great American did not contract with Superior.  Rather, its claim for breach of implied warranty is derivative of its status as subrogee of Serenity.  Thus, Superior can owe no greater duty to Great American than it does to Serenity, and Great American's claim likewise fails.

Because there was no contract between Serenity and Superior, Serenity lacks the necessary privity to assert a claim for breach of implied warranty of workmanship. Accordingly, this Court should dismiss Count VIII of Plaintiffs' Complaint in its entirety.

## CONCLUSION

Plaintiffs' Complaint fails to state a claim for which relief may be granted, and should therefore be dismissed. Specifically, all of Great American's claims fail based on the waiver of subrogation clause in the Serenity/Barnes Contract. Furthermore, Plaintiffs' negligence-based claims are barred by the economic loss doctrine. Finally, Plaintiffs' claims for breach of implied warranty fail because Serenity lacks the privity of contract with Superior necessary to impose an implied warranty of workmanship. Based on the foregoing, Superior respectfully requests this Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

/s/ Patrick M. Miller

Patrick M. Miller, #25019-49
311 S. Wacker Drive, Suite 4400
Chicago, IL  60606
(312) 212-6500
(312) 212-6501 (Fax)
patrick.miller@FaegreBD.com
Attorney for Defendant,
Superior Contracting Corporation
d/b/a American National Insulation

## **CERTIFICATE OF SERVICE**

I certify that on March 31, 2014, I caused the foregoing to be filed and served

upon the following counsel of record via the Court's CM/ECF system and/or by First Class mail:


Ricardo A. Hall
Spangler, Jennings & Dougherty, P.C.
rhall@sjdlaw.com

Court L. Farrell
Bruce P. Clark & Associates
cls@bpc-law.com

Bruce P. Clark
Bruce P. Clark & Associates
bpclaw@bpc-law.com

James M. Portelli
Moore & Portelli
jportelli@mooreandportelli.com

Thomas J. Finn
Leahy Eisenberg & Fraenkel, Ltd.
tjf@lefltd.com


/s/ Patrick M. Miller